# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSEPH EMMANUEL,**

        **Plaintiff,**

**-vs-**                                             **Case No. 6:12-cv-446-Orl-28DAB**

**UNITED STATES OF AMERICA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO CORRECT CLERICAL MISTAKE (Doc. No. 3)** |
| **FILED:** | **April 26, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **"MOTION" FOR MISCELLANEOUS RELIEF (Doc. No. 4)** |
| **FILED:** | **April 27, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. It is **further recommended** that the action be dismissed, for failure to comply with the Order of the District Court (Doc. No. 2), and as frivolous. | |

Plaintiff, a federal prisoner appearing *pro se* allegedly "by and through Joseph Emanuel-El proper persona," has filed a "third party cross claim in admiralty" against the United States (Doc. No. 1). As far as the Court can tell, Plaintiff has sent papers which he claims are promissory notes or

"offset bonds" with the United States Treasury (but appear to be no more than unsecured IOU's) to indemnify against all claims against "the Defendant vessel Joseph Emanuel." Now, having "posted" these "bonds," Plaintiff claims to be a "vessel," contends that the bonds are substitutions for the vessel, and moves for an Order "releasing the vessel Joseph Emanuel" currently in custody, in accordance with the admiralty rules. (*See* Doc. No. 1-1). The Complaint is frivolous on its face and should be dismissed.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic*

> *Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007].
> A claim has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the misconduct
> alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer possibility that a defendant
> has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, Plaintiff has filed this action without paying a filing fee and without filing the appropriate motions and forms to seek leave to proceed without prepayment of fees. On April 13, 2012, the District Court gave Plaintiff 14 days in which to either pay the filing fee or file the appropriate paperwork (Doc. No. 2). The Court warned that failure to comply would result in dismissal of the action. *Id.* To date, Plaintiff has failed to comply with the Order, and dismissal on this ground is warranted.

Even assuming Plaintiff had filed a motion which established his status as a pauper, the Complaint would still be subject to dismissal on the merits. "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828

(10th Cir. 1979). Here, it is clear that Plaintiff is a federal prisoner, not a "vessel" in admiralty, and sending incomprehensible papers and calling them "bonds" do not alter that result or create the legal rights Plaintiff or his fictional representative claim. The Complaint, inexplicably styled as a "cross claim," is frivolous as a matter of law.[1]

It is **respectfully recommended** that the motions be **denied, and the Complaint be dismissed, with prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 1, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] As such, the Complaint is not susceptible to amendment. Admiralty jurisdiction is simply not a substitute for a habeas petition.